IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES C. WINDING                                              PETITIONER

Vs.                           CIVIL ACTION NO. 5:23-cv-29-DCB-FKB

MARC McCLURE, et al.                                         RESPONDENTS

ORDER

BEFORE THE COURT is Petitioner James C. Winding's ("Petitioner") Motion for Recusal ("Motion") [ECF No. 15]. The Court, having examined the Motion, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

On March 14, 2023, Petitioner filed a Petition for Writ of Habeas Corpus, which the Court denied on May 2, 2023. [ECF No. 11]. On May 5, 2023, Petitioner filed four separate motions to revive his claim. One such filing is a Motion for Recusal. [ECF No. 15].

A motion to disqualify is committed to the sound discretion of the judge and the Court's decision will only be reversed if there has been an abuse of that discretion. Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993). Under 28 U.S.C. § 455, a judge must recuse himself in limited circumstances, none of

which here exist, "in which his impartiality might reasonably be questioned."

Petitioner argues that the Court should recuse itself from the post-judgment proceedings in this case considering a lawsuit Petitioner filed against the undersigned on May 2, 2023. Id.; [ECF No. 15-1]. However, a judge is not disqualified by a litigant's suit or threatened suit against him. Matter of Hipp, Inc., 5 F.3d at 116. Additionally, the Ninth Circuit has held that "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed." Ronwin v. State Bar of Arizona, 686 F.2d 692, 701 (9th Cir. 1981), rev'd on other grounds sub nom. Hoover v. Ronwin, 466 U.S. 558 (1984).

Petitioner has failed to present any facts that suggest impartiality or bias on the part of the undersigned. Moreover, opinions formed by the judge "in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, "[a]dverse judicial rulings alone do not support an allegation of bias for purposes of § 455 ...." Diaz v. Superior Energy Servs. LLC, 341 F. App'x 26, 27 (5th Cir. 2009)(citing id.).

For the foregoing reasons, Petitioner's Motion [ECF No. 15] shall be DENIED.

ACCORDINGLY,

IT IS HEREBY ORDERED that Petitioner's Motion for Recusal [ECF No. 15] is DENIED.

SO ORDERED, this 8th day of May, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE