IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES C. WINDING                                                    PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:23-cv-29-DCB-FKB

MARC McCLURE, Superintendent, et al.                               RESPONDENTS

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This matter is before the Court on pro se Petitioner James C. Winding's ("Petitioner") Motion for Reconsideration ("Motion") [ECF No. 14] filed on May 5, 2023.  Petitioner is requesting the Court to reconsider the Final Judgment ("Judgment") [ECF No. 12] entered on May 2, 2023, dismissing this case without prejudice.  The Court, having examined the Motion, the record, the applicable legal authority, and being fully informed in the premises, finds that Petitioner's Motion should be denied.

Petitioner's Motion was filed within 28 days after the Judgment was entered.  Therefore, the Motion will be construed as a Motion to Alter or Amend the Judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (stating that if a motion is asking the Court to reconsider a prior ruling and is filed within 28 days of the entry of the judgment being challenged then it is construed as a Rule 59(e) Motion) (citing

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012)).

Rule 59(e) provides the district court the chance "to rectify its own mistakes in the period immediately following its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). A motion filed pursuant to Rule 59(e) however "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

Petitioner objects to this Court's decision to dismiss his petition for habeas corpus relief. Pet'r's Mot. [ECF No. 14] at 1. Petitioner argues that this case should proceed based on 18 U.S.C. § 1203 which prohibits hostage-taking. *Id*. Petitioner further argues that the "sanction from the United States Court

of Appeals does not apply" because he is "not challenging his conviction or sentence 'only' a direct 'hit' to the unlawful charge of sexual battery." *Id*. at 2.  Petitioner's arguments are without merit for the following reasons.

As a private citizen, Petitioner does not have the authority to initiate a federal criminal prosecution such as 18 U.S.C. § 1203.  *See Gill v. State of Texas*, 153 F. App'x 261, at * 1 (5th Cir. 2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)).  Furthermore, Petitioner's argument that the Fifth Circuit's sanction, *see In re Winding*, No. 22-90065 (5th Cir. 2023), does not apply in this case because he is challenging the unlawful "charge" of sexual battery, for which he was subsequently convicted, not his conviction or sentence of sexual battery, is frivolous.  Petitioner's Motion does not assert any arguments (1) that he did not already raise in his petition, (2) that were not available to him at the time of filing his petition, or (3) that otherwise satisfy the requirements of Rule 59(e).  Therefore, Petitioner fails to satisfy the requirements for obtaining relief under Rule 59(e) and Petitioner's Motion is without merit and will be denied.

For the foregoing reasons, Petitioner's Motion [ECF No. 14] will be DENIED.  Accordingly,

IT IS ORDERED that Petitioner's Motion [ECF No. 14] for Reconsideration is construed as Petitioner's Motion to Alter or Amend the Judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure

IT IS FURTHER ORDERED that Petitioner's Motion [ECF No. 14] to Alter or Amend the Judgment is DENIED.

SO ORDERED, this   11th   day of May, 2023.

                                      s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE